Bissell, P. J.
McPhee & McGinnity filed a mechanic’s lien on some property in North Denver belonging to the appellant. On this appeal we are totally unconcerned about any other questions *253 than one of fact and one of law. The action was begun in 1896 and resulted in a judgment foreclosing the lien. The whole case turned on the date the work was completed by the contractor Hodgson who built the house on a contract with Mrs. Stidger. He bought some materials of McPhee & McGrinnity, and failed to pay about $378, of the amount of the purchase. The lien was filed to enforce this claim. The house was substantially completed in June, and on the 16th, according to the testimony produced by the appellant, the family moved in. It might be said the house was entirely finished. The only matter which would render this at all untrue or inaccurate, grew out of a dispute between the contractor and the owner over the terms of the contract. After Mrs. Stidger moved in she insisted the screen on the front door should have been made of oak in place of pine, and that a door on a closet or pantry should have been paneled and not battened. The contractor either conceding that such was the specification, or being willing to yield the point to satisfy the owner, agreed to make the change. The only dispute was about the time when that was done, and whether the alterations were of such a character as to permit a lien to be filed within the statutory time thereafter, or whether the imperfections were trivial and insufficient to support one. The parties differed widely about this date. The question was pivotal. Its determination would either invalidate the lien, or permit its enforcement. The whole testimony was directed to this one proposition. The court found that the alterations were not trivial but were material alterations, providing it was filed in apt time. The judge then found as a matter of fact that the last work was done on the 7th of July. He gave judgment accordingly.
Without attempting to cite the cases or to discuss the proposition, we concede the court was doubtless right in holding the alterations material, and that the appellant might not insist that they were not required by the contract. As a general proposition, such matters are matters of fact, and when found by the trial court are conclusive. We are quite in *254 harmony with the authorities which hold, that where the owner insists that the changes are required by the terms of the agreement and they are made, the resulting alterations are not usually or even often regarded as immaterial, and the owner cannot insist they were not done under the contract and were not necessary parts of it. This, however, still leaves open the question whether the court was right in finding as a matter of fact that the last work was done on the 7th of July. We do not intend to express any disagreement with the finding, leaving it to be determined on the subsequent trial. It may possibly appear that we reverse the case on a narrow ground, but we feel quite at liberty to resort even to a technical proposition because there was almost a failure to establish the time when the work was done, and that the last of it was done thirty days before the lien was filed. The evidence is wholly unsatisfactory and in no measure reaches the standard required of the plaintiff who assumes the burden of proving his case. As suggested the parties are hopelessly in conflict, but we cannot see outside of the evidence which is inadmissible unless supported as we suggest, that the plaintiff bore his burden. We should not however on this basis reverse the case had the trial court not committed what we conceive to be a grave error in admitting testimony whereon as we see from his opinion he virtually based his decision. In order to determine the time when the last work was done the parties gave a good deal of evidence about the delivery and laying of carpets in the house. The appellant and her witnesses attempted to establish this time, and therefrom draw the inference or conclusion that the changes were not made on the 7th as testified by the contractor, but long prior to that date. We concede that the time of the delivery of the carpets was quite a pivotal inquiry. In order to sustain the contractor’s evidence that the last work was done on the 7th the lienors undertook to show by Joslin & Company or their employés, the time when the carpets were delivered. ' In order to prove this fact, they produced one Miles who was the foreman of the carpet depart *255 ment. Substantially he testified that he was the foreman of the department and that it was the custom of Joslin & Company never to make an entry on the books until after, or at the time the goods were delivered. As he testified, the salesman brought him a slip showing the sale of the carpets, the time of the delivery, and therefrom he made an entry on the books, and that the entry, the slip and the delivery were substantially concurrent acts. Thereupon he was asked to produce the day-book whereon the entry was made from this slip. It was produced and offered in evidence and received over the objection of the appellant, and this entry was to the effect that the carpets were sold and delivered on the 8th of July. This very largely tended to corroborate the contractor, and being accepted as legitimate testimony and as true, would counterbalance the recollection of the appellant’s witnesses. The importance of this matter is quite evident from the court’s opinion who placed his decision squarely on the ground that the entry was of more value than the imperfect recollection of the witnesses as to dates. In receiving this testimony without more we think the court clearly erred. It has long been established and is familiar law that the entries on a tradesman’s books, being books of original entry and properly identified, may be offered in evidence to prove a transaction between the parties whose dealings are the subject-matter of the suit. The circumstances and limitation and conditions under which these entries may be produced are well understood and have been established by a long line of decisions. As a general proposition, these entries are simply hearsay and no more admissible than the declarations of parties, except in the particular cases where the sale and delivery of goods, or some transaction between the parties are immediately under consideration. The rule was established when parties were not permitted to testify, but even since the abolition of that rule, the necessities of trade seem to require its continuance and enforcement. It still remains true, generally speaking, that the legitimacy of the evidence is limited to the immediate transaction which is *256 then under investigation, and is, as already suggested, the subject-matter of the suit. You cannot thus prove the consideration of a note, or a promise to pay, or a special contract ; nor that credit was given to a particular person, nor any other special contract between the parties. The subject has received very much consideration. Bradner on Evidence, chap. 12; 1 Wharton on Evidence, §§238, 678; 1 Greenleaf on Evidence, § 118, et seq; Barnes v. Simmons, 27 Ill. 512; Warner v. Price et al., 3 Wend. 398.
These authorities, of course, only illustrate the general principle which determines the admissibility of such entries We are referred however to no particular case, other than the 27th Illinois, which apparently distinctly decides that the entries of a tradesman’s books may not be used as evidence against a party where the subject-matter of the action is not a transaction between the vendor and the vendee, but between the vendee and a third party. On the original hearing the court was quite of the opinion that the entries on the books of a tradesman could not be used for the purpose of establishing a link in the chain of evidence, the other links being supplied by competent testimony proceeding on the hypothesis that these books of entry made by tradesmen were only admissible when the subject-matter of that entry was under consideration. We still have some doubts respecting the extent to which an exception ought to be established to the general rule which prevails in this class of cases which is based on the doctrine that hearsay testimony is never admisssible to establish a fact requiring proof. However, we were cited to some cases which seem to hold differently. Chicago & Northwestern Ry. Co. v. Ingersoll, 55 Ill. 399; Sill v. Rease, 47 Cal. 294; Bean v. Lambert, 77 Fed. Rep. 862. While we have no intention to accept those cases in their entirety, or to distinctly approve the doctrine which they lay down as it is apparently expressed by the writers, we are willing to concede that under some circumstances such entries may be admitted, providing the collateral and substantive facts out of which they grow and by which their competency is established, are proven. We think *257 however that in this case a sufficient foundation was not laid for the introduction of that entry and we remain of the opinion Avhich we originally expressed that the case must be reversed because of it. The trouble with the testimony as introduced by the lienors is, that they failed to produce the salesman who was a necessary factor to support the validity of the entry as testimony against the appellants. Miles did not attempt to assert that the goods were sold or delivered on the 8th. He only swore that according to the custom of Joslyn & Company the entry would not be made until after the goods were delivered, and he therefore concluded the goods must have been delivered on the 8th or thereafter. He did not testify that such was the fact except as he believed it to be such because of the custom prevailing in the transaction of Joslyn & Company’s business. The clerk who sold the carpets was not produced nor did he testify that he sold the carpets on the 8th, nor that they were delivered on that date, nor, which would probably be all he could do, that he delivered the slip to Miles at or immediately after the sale, nor did Miles himself have any knowledge of it, except as he saw the entry. It is quite manifest that the salesman who disposed of the carpets to the Stidgers was the only person who could have had knowledge of the concurrence of the act of sale and of the making of the entry. Miles could only testify that he made entry when the slip was furnished him, and that he believed the carpets were not delivered until after the entry was made. This is quite possible, and while at the same time such may be the general custom, it does not follow that in this case it was an actual fact, nor could it be established save by the production of the man who sold the carpets, and who could testify that he furnished the slip at the time the carpets were sold and not several days thereafter. If this testimony is supplied upon the subsequent hearing we are inclined to think the entry would be admissible. When, as we see, the trial court placed great stress on this testimony and virtually decided the case on it, and we believe that without the connecting link it is inadmissible, we are compelled to reverse *258 the case. The date was a controlling point and was enveloped in so much doubt and obscurity that we have grave question whether this entry being out of the record the court would have found that the last work was done on the 7th %nd the lien filed in time. Should the trial court finally conclude that this was the correct date, we would be permitted under the general rules regulating appellate proceedings to affirm the judgment.

Reversed.