## No. 11,830.

FARMERS LIFE INSURANCE COMPANY, ET AL. *v.* CONNOR.

Decided June 13, 1927.

Action to foreclose mechanic's lien.   Decree for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.   APPEARANCE—*Filing Answer.*   The filing of an answer, after the overruling of a motion to quash the summons, constitutes a general appearance and waives the objection.

2.     *Motion to Quash Summons.* Under Supreme Court rule 4, a motion to quash a summons shall, if overruled, be deemed a general appearance of the party making such motion.

3.     APPEAL AND ERROR—*Questions not Presented in Motion for New Trial.* Questions not presented to the trial court in the motion for a new trial will not be considered on review.

4.     MECHANICS' LIENS—*Cessation of Work.* In an action to foreclose mechanic's lien, whether or not certain work was done during a period when it was alleged there was a cessation of work for 30 days, was a question to be determined by the trial court.

5.     *Cessation of Work—Completion of Building.* In an action to foreclose mechanic's lien, evidence reviewed and held to support a finding of the trial court that substantial work was performed during a period when it was claimed there was a cessation of work for 30 days.

6.     *Completion of Building—Conveyance of Property.* So far as lien claimants were concerned, conveyance of property by the owner while the building was unfinished and not fit for occupancy, was not to be taken as conclusive evidence of completion under C. L. § 6450.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. VICTOR E. KEYES, Mr. WESLEY A. PETERSON, Mr. W. M. GLENN, for plaintiffs in error.

Mr. LEO P. KELLY, Mr. A. E. WARREN, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE defendant in error obtained a decree foreclosing mechanics' liens upon certain lots, with the building thereon, in Pueblo. Plaintiff in error Glenn is the owner, and plaintiff in error The Farmers Life Insurance Company is the mortgagee of the premises. The parties join

in a request that the case be finally disposed of on application for supersedeas. But few questions are presented.

1. Complaint is made of the overruling of the motion to quash the summons. The filing of the answer was a general appearance, and waived the objection. Besides, rule 4 of this court provides: "A motion to quash a summons * * * shall, if overruled, be deemed a general appearance of the party making such motion." This assignment cannot be sustained.

2. Another assignment is that the court erred in holding that the claim of Cynthia T. Colby was a valid lien. Such question was not presented to the trial court in the motion for a new trial; hence it will not be considered by us. Rule 8 of this court.

3. The other assignments are based upon the alleged error of the trial court in holding that the building was completed on October 8, 1925. If that in fact was the date of the completion of the building, the several lien statements were filed in apt time, and the judgment must be affirmed; otherwise, the judgment must be reversed, either in its entirety, or as to some of the claims, depending upon the date of the completion of the building. The plaintiffs in error, in their brief, say that they "admit, in fact have never denied, that the actual physical completion of the building was on October 8, 1925." They contend, however, that there was a cessation of labor for thirty days; and, therefore, that the building should be deemed to have been completed at the expiration of the thirty days, in accordance with section 6450, C. L., which provides: "* * * Cessation from labor for thirty days upon * * * any unfinished building * * * shall be deemed equivalent to a completion thereof, for all the purposes of this act."

The cessation claimed was between June 13 and July 13, 1925. It is admitted by the plaintiffs in error that during that time work was done; but it is claimed that the work was trivial, and therefore should not be deemed a continuation of work. In *Joralmon v. McPhee,*

31 Colo. 26, 71 Pac. 419, we held that if there is performed any labor, whatever its character, that is in furtherance of the completion of the building, there is no cessation of labor within the meaning of the statute. In *Curtis v. McCarthy,* 53 Colo. 284, 125 Pac. 109, the last work performed was the insertion of a new back to a sink, and supplying certain unimportant omissions. We approved the finding of the trial court that the date of completion of these items was the date when the last work was done and the last material was furnished. See also *Stidger v. McPhee,* 15 Colo. App. 252, 62 Pac. 332.

In the present case, a witness testified that she saw work being done intermittently during July. Another witness said that work was done in June and July, but not steadily; that Howland (the carpenter and cement worker) worked in June and July; that he would work very late in the evening—until dark; that Howland slacked lime there and put it away for use in building the garage, and was cleaning up around there. Howland testified that he worked seven days, from the 7th to the 13th day of July, doing carpenter work and cement work; that he was straightening up the "cold air business" in the cellar and putting in cement there; that he put brick in the "front end back of the garage"; that he slacked five barrels of lime, and worked on the garage, fixing the floor; that he took out some scaffolds from the second story, fixed stucco on the gable, took down scaffold and picked up the lumber, and was getting ready to work on the garage. Our attention is called to some evidence that, by inference, is supposed to cast a doubt upon some of the evidence just recited. The doubt so cast is slight. In *Lichty v. Houston Lumber Company,* 39 Colo. 53, Mr. Justice Bailey, speaking of what constitutes a trivial imperfection in or omission from the work, said (p. 56): "At any rate, the court of appeals has held: 'As a general proposition, such mat-

ters are matters of fact, and, when found by the trial court, are conclusive.' *Stidger v. McPhee*, 15 Colo. App. 252.''

So, in the present case, it was for the trial court to determine whether the work above described was or was not done during the period when it is claimed there was a cessation of work. The evidence was sufficient to support—indeed, to compel—the findings that the work was done; that it was substantial, not trivial, work; and that there was no cessation of work for the period of thirty days.

4. But it is said that the court erred in not holding that, so far as the lien claimants are concerned, the building was completed on the date the property was conveyed by the former owner to Glenn—that is to say, on July 24, 1925. Glenn bought the property when the building was in process of construction. It was his intention, clearly expressed by him, to complete the building, and in fact he did complete it. The deed to him recited that the property was free of all liens and incumbrances ''except all legitimate and legal mechanics' liens now filed or to be filed against said property.'' The claimants in this case performed the work and furnished the materials before Glenn acquired the property. The building was unfinished and not fit for occupancy at the time the property was deeded to Glenn; nor was it fit for occupancy, or occupied, until after the completion of the building. In support of this assignment, counsel invoke the following provision in section 6450, C. L.: ''* * * and in case of contractors, the occupation or use of the building, improvement or structure by the owner, or his representative, or any other person with the consent of the owner or his agent, or the acceptance by said owner or his agent of said building, improvement or structure, shall, for the purpose of this act, be deemed conclusive evidence of completion; * * * .''

How that provision helps the plaintiffs in error, we are at a loss to understand. There is no evidence called to our attention, or that we have been able to find, that

brings the case within such provision. The change of ownership was not a completion of the building, and did not affect the rights of the lien claimants. The objection now urged was not presented to the lower court in the motion for a new trial, and is not entitled to be considered here. Rule 8 of this court. But in any event, it is without merit.

The judgment is right. It is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS, and MR. JUSTICE CAMPBELL concur.