**AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff,**

v.

**Roy FAZEL, Dwight H. Fazel and Earl Fazel, Defendants.**

**Civ. No. 3–674.**

United States District Court
S. D. Iowa, Central Division.
Dec. 21, 1956.

Bannister, Carpenter, Ahlers & Cooney, Des Moines, Iowa, for plaintiff.

L. H. Doran (of Doran, Doran, Doran, Erbe & Doran), Boone, Iowa, for defendants.

REEVES, District Judge.

Heretofore the plaintiff executed and delivered Warehouseman's Bonds in the total sum of $75,000 on behalf of Fazel Brothers Company, a corporation of Perry, Iowa.

The government, through its Commodity Credit Corporation, had entered into a Uniform Grain Storage Agreement with said Fazel Brothers Company, the date being about December 14, 1948.

Subsequently a considerable quantity of grain was wrongfully removed from the warehouse. The government brought suit, not only against Fazel Brothers Company, but against the individuals named in the present action, namely, Roy Fazel, Dwight H. Fazel and Earl Fazel.

Upon a trial, judgment was rendered against the individual defendants as well as the corporate defendant. The plaintiff, being a surety for Fazel Brothers Company, a corporation, was compelled to pay the judgment in the sum of $73,-853.61. In the trial of the government's case, being numbered 2–372, the plaintiff filed a cross-complaint against Fazel Brothers Company. It did not then assert a claim against the individual defendants. The judgment in the above amount was paid by the plaintiff, and it now seeks, by separate suit, to recover judgment against the individual defendants. They resist such action on the ground, among others, that the plaintiff should have filed a cross-complaint against them in the government's case, being numbered 2–372.

The plaintiff in the present case has filed a motion for judgment on the pleadings with supporting unimpeached and uncontroverted evidence.

■ 1. Rule 13 Federal Rules of Civil Procedure, 28 U.S.C.A. provides by paragraph (g) thereof in reference to Cross-Claims against Co-Parties as follows:

> "A pleading *may state* as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein * * *." (Emphasis mine.)

Other paragraphs of Rule 13, particularly paragraph (a), refers to Compulsory Counterclaims. The cross-claim in paragraph (g) is not compulsory, and the way is left open for a litigant subsequently to make claim against a co-defendant or defendants.

■ 2. While there is no contractual privity between plaintiff and the individual defendants, the plaintiff's bonds undertook to guarantee good faith of Fazel Brothers Company. In the trial of the government case the evidence warranted the court in entering judgment against the individual defendants as being responsible for the diversion of the grain covered by plaintiff's bonds. Because of its contractual arrangement with Fazel Brothers Company, plaintiff filed a cross-claim against it. It could not, at that time, properly file a cross-claim against the individual defendants until it was established by judicial determination that the individual defendants were responsible for the default of the corporate defendant. When such a judgment was rendered against the individuals, and after the payment of the judgment by the plaintiff, it became its right to maintain an action against the individual defendants.

3. The only question before the court now is whether the judgment against the individual defendants and the payment by plaintiff of such judgment (by compulsion) the plaintiff is now entitled upon the records to ask for a summary judgment against the individual defendants.

■ Counsel for the plaintiff have very aptly referred to the liberal and commendable purposes of Rule 56 Federal Rules of Civil Procedure relating to Summary Judgments. They cite Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, loc. cit. 492, where the Court of Appeals, 2 Cir., made the following comment on said Rule:

> "The Rule was designed to enable the trial judge, by piercing formal verbiage, to filter out of the pleadings sham issues which might otherwise cause needless and time-consuming litigation."

Many cases were cited in support of this commentary.

■ In the instant case the individual defendants are debarred the right to as-

**112**

sert that they were not responsible for the defalcations of Fazel Brothers Company. The judgment upon the trial in the government's case is conclusive on that issue. Since they were individually found responsible for the defaults of Fazel Brothers Company, and since the plaintiff was compelled to pay the judgment against them, it is entitled, upon the records, to have judgment summarily entered against them in its behalf.

It follows that the motion for a summary judgment should be and will be sustained.