No. 18,207.

Louis D. Sanders, et al. *v.* Myrtle Black.

(318 P. [2d] 1100)

Decided December 2, 1957. Rehearing denied December 23, 1957.

418

Mr. Charles S. Vigil, for plaintiffs in error.

Mr. Carmel A. Garlutzo, for defendant in error.

*In Department.*

Mr. Justice Day delivered the opinion of the Court.

This case is among those we sometimes encounter which would justify the court in resorting to the speedy avenue of disposition afforded in R.C.P. 118 (f). Nevertheless the contentions of plaintiffs in error may be answered fully but concisely so we proceed to the task.

The action by the plaintiff below, defendant in error, was addressed to the equity powers of the court. We note in the findings and conclusions of the trial court that complete equity has been accomplished among the parties by an able court. The judgment is amply supported by the evidence. The respective parties find themselves in the position they should in equity occupy, so none has just cause for complaint. We will not disturb the judgment of the trial court.

A rather complicated factual situation, boiled down to its bare essentials, reveals that Myrtle Black was entitled to a reconveyance to her of certain property which she gave to her son Arthur R. Black and her daughter-in-law Lillian. They did reconvey to her, but during the time Myrtle Black's property was held in their names they used it, along with certain hotel property of their own, as security for a loan obtained from a Trinidad bank. At the time of the reconveyance they were unable to obtain release of Myrtle Black's property from the encumbrance thereon, but an agreement was entered into between Arthur and Lillian whereby Lillian would

pay off the bank obligation and thus, without any cost to Myrtle, would eventually obtain for her complete clearance of her property. Lillian's obligation was transferred to and assumed by Louis D. Sanders in a purchase and sale agreement involving the hotel property. Sanders understood that part of the purchase price for the hotel was his obligation to pay off the encumbrance of the bank, and thus he, in turn, agreed that without cost to Myrtle her property would eventually be released through the payment by Sanders of his obligation. For an almost identical case we refer to the holding in *Cooley v. Murray,* 11 Colo. Appeals 241, 52 Pac. 1108.

■ The law of the case may be found succinctly in 12 Am. Jur., 825-826, §277, wherein it is stated:

" * * * the rule in a great majority of American jurisdictions is that a third person may enforce a promise made for his benefit even though he is a stranger both to the contract and to the consideration. In other words, it is not necessary that any consideration move from the third party; it is enough if there is a sufficient consideration between the parties who make the agreement for the benefit of the third party. This doctrine, originally an exception to the rule that no claim can be sued upon contractually unless it is a contract between the parties to the suit, has become so general and far-reaching in its consequences as to have ceased to be simply an exception, but is recognized as an affirmative rule, * * *."

Myrtle Black was the third party. She was the beneficiary of the agreement between Arthur and Lillian Black and the subsequent agreement between Lillian and Louis Sanders. All parties intended that Myrtle's property should and would be relieved of the encumbrance if Sanders discharged his obligation to the bank. He defaulted, and Myrtle Black was forced to pay Sanders' obligation to save her property. She brought suit seeking reimbursement from Sanders and Lillian Black, the primary obligor. The court gave her the re-

lief requested. By the action of the court Myrtle Black has her property free of the encumbrance as intended, and Sanders owes no more than he did under his obligation save and except the additional expenses occasioned by foreclosure proceedings commenced when Sanders defaulted in his obligation to the bank. The only other change in Sanders' position is that he owes Myrtle instead of the bank, and she has judgment against him for the debt. That seems to us right and just and in accord with the facts and the law.

On a point raised by counsel that the court had no jurisdiction over Lillian Black in order to enter a judgment in personam against her, we note that Lillian made a general appearance by filing an answer and counter-claim. For the effect of a general appearance as submission to the jurisdiction of the court see *Union Pac. Ry. Co. v. DeBusk,* 12 Colo. 294, 20 Pac. 752, 3 L.R.A. 350; *Clark v. O'Donnell,* 68 Colo. 279, 187 Pac. 534; *Farmers Life Ins. Co. v. Connor,* 82 Colo. 81, 257 Pac. 260.

Judgment affirmed.

Mr. Chief Justice Moore, Mr. Justice Knauss and Mr. Justice Sutton concur.