No. 22963.

T. L. SMITH COMPANY, A CORPORATION *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, STATE OF COLORADO; HONORABLE EDWARD J. BYRNE, ONE OF THE JUDGES OF SAID COURT, AND HONORABLE ALBERT T. FRANTZ, A RETIRED JUDGE SITTING IN SAID COURT; INTERNATIONAL PIPE & CERAMICS CORPORATION.
(431 P.2d 454)

Decided September 5, 1967.

GRANT, SHAFROTH, TOLL & McHENDRIE, RONALD C. BUTZ, for plaintiff.

HODGES, SILVERSTEIN & HARRINGTON, JOSEPH G. HODGES, RICHARD W. BREITHAUPT, for defendants.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is an original proceeding brought under R.C.P. Colo. 116(a). Complainant, T. L. Smith Company, seeks a writ directed to the District Court of the City and County of Denver prohibiting that court from hearing and determining various issues (arising in a suit pending in that court) over which the court allegedly has no jurisdiction. We will refer to the various parties as follows: T. L. Smith Company as T. L. Smith; the International Pipe & Ceramics Corporation as International; and the Henders Boiler and Tank Company (a co-partnership), the Henders Boiler and Tank Company (a corporation), and Orma L. Henders and Orma L. Henders, Jr. (as individuals) collectively as Henders.

International is a Delaware corporation which owns and operates what are called "cement batch" plants. One of these plants was purchased from T. L. Smith and was located at Blakeland, Colorado. This plant collapsed, and International thereupon filed suit against T. L. Smith and Henders for damages alleged to have resulted from the collapse. Service was made under the Colorado long arm statute, 1965 Perm. Supp. C.R.S. 1963, 37-1-26 and 37-1-27. International alleged that T. L. Smith (a Wisconsin corporation) and Henders (a Tennessee firm) had both participated in the manufacture of the plant which was sold to International

and erected at Blakeland, and that the collapse of the plant was due to the negligence of the defendants in manufacturing the plant. The defendants moved to quash service of process on the ground that the long arm statute did not apply to this case. This motion was denied. This ruling is not challenged here by the defendants. See, *Hoen v. District Court,* 159 Colo. 451, 412 P.2d 428.

T. L. Smith then filed its answer and also filed two more pleadings which gave rise to the present controversy. T. L. Smith filed a cross-claim against Henders asking indemnification in the event that T. L. Smith should be held liable to International. T. L. Smith also filed a counter-claim against International to recover the balance alleged to be due and owing for a second and separate batch plant which was sold to International to replace the plant which collapsed. International then filed its reply to the counter-claim of T. L. Smith. In its reply, International asserted two defenses to the T. L. Smith counter-claim, and also asserted four counter-claims of its own. It is the jurisdiction of the trial court to hear these four counter-claims of International which is at issue in this proceeding.

Three of International's counter-claims were based on the alleged collapse of other cement batch plants located in Kansas, Illinois, and Oklahoma respectively. The fourth counter-claim was a reiteration of the original claim for the collapse of the Blakeland, Colorado plant.

T. L. Smith moved to strike the counter-claims of International, the motion was denied, and T. L. Smith then sought a writ of prohibition in this Court.

T. L. Smith argues that: (1) a counter-claim cannot be pleaded in a reply to a counter-claim; and (2) even if a reply can sometimes contain a counter-claim, these particular counter-claims are improper because they allege causes of action not covered by the long arm statute which formed the basis for *in personam* jurisdiction in the original complaint.

448

International claims that (1) there is nothing inherently improper about including a counter-claim in a reply to a counter-claim; and (2) these particular counter-claims are proper. International argues that by filing a permissive counter-claim and a cross-claim, T. L. Smith submitted itself to the jurisdiction of the court for *all* purposes and, in effect, enlarged the permissible limits of the court's *in personam* jurisdiction from the limited scope provided in the long arm statute to a general jurisdiction.

 We begin by pointing out that there is nothing inherently improper about asserting a counter-claim in a reply to a counter-claim. Indeed, the language of R.C.P. Colo. 18(a), ("The plaintiff in his complaint or in a reply setting forth a counter-claim * * *") seems specifically to contemplate such a mode of pleading. Further, R.C.P. Colo. 7(a) authorizes "* * * a reply to a counter-claim denominated as such * * *," and states that such a reply is an authorized pleading. R.C.P. Colo. 13(a) states that: "a pleading" (without limiting those pleadings referred to) "shall state as a counter-claim any claim * * * if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." And, R.C.P. Colo. 13(b) states that: "A pleading may state as a counter-claim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." It is our view that the rules specifically authorize the inclusion of counter-claims in replies to counter-claims. This conclusion is supported by the interpretation which has been put on the analogous federal rules by the federal courts. See, *e.g.*, *Ivey v. Daus*, 17 F.R.D. 319 (S.D.N.Y. 1955); *Maison De Marchands Industrielle Ltee — Industrial Merchants, Ltd. v. New York Silicate Book Slate Co., Inc.*, 13 F.R.D. 15 (S.D.N.Y. 1952); *Mid-States Products Co. v. Commodity Credit Corp.*, 10 F.R.D. 592 (E.D. Ill. 1949), *aff'd. on other grounds*, 196 F.2d 416 (7th Cir. 1952) *Warren v. Indian*

*Refining Co.,* 30 F.Supp. 281 (N.D. Ind. 1939); 1A Barron & Holtzoff, *Federal Practice & Procedure,* § 296 (1960); 3 Dittman, *Colorado Practice,* 337 (1965). There was, thus, nothing inherently improper in the inclusion by International of the counter-claims in the reply to the counter-claim of T. L. Smith.

██ We are, then, left with one question: Has T. L. Smith sought affirmative relief from the court in such a degree as to vest the court with general *in personam* jurisdiction beyond the limited jurisdiction conferred by the long arm statute? We believe it has.

██ Contrary to the assertions of T. L. Smith, the counter-claim which it asserted against International is a "permissive" counter-claim. The T. L. Smith counter-claim did not arise out of the same transaction or occurrence as the original cause of action. The T. L. Smith counter-claim is a separate and distinct claim for money alleged to be due on a contract for purchase of a *separate* p.ant — *not* for money due on the original plant. See, *McKnight v. Halliburton Oil Well Cementing Co.,* 20 F.R.D. 563 (N.D.W.Va. 1957); *Kaiser Aluminum & Chem. Sa'es, Inc. v. Ralston Steel Corp.,* 25 F.R.D. 23 (N.D. Ill. 1959); *Dundee Wine & Spirits, Ltd. v. Glenmore Distilleries Co.,* 238 F.Supp. 283 (E.D.N.Y. 1965); *Slim Olson, Inc. v. Winegar,* 122 Utah 80, 246 P.2d 608.

██ In addition to asserting a permissive counter-claim, T. L. Smith also asserted a cross-claim against Henders. The wording of R.C.P. Colo. 13(g) is clearly *permissive, not compulsory.* The rule states that a party "may" plead a cross-claim — not that he "shall" do so. Thus, T. L. Smith was under no compulsion to plead this cross-claim in this action. See, *American Surety Co. v. Fazel,* 20 F.R.D. 110 (S.D. Iowa 1956); *Hartley Pen Co. v. Lindy Pen Co.,* 16 F.R.D. 141 (S.D. Cal. 1954), *aff'd. on other grounds,* 237 F.2d 294 (9th Cir. 1956).

██ In short, T. L. Smith *voluntarily* invoked the jurisdiction of the court by seeking relief in this case which it was not compelled by the rules to seek in order to

preserve its right to such relief. Having thus invoked the general jurisdiction of the court in its own behalf, T. L. Smith cannot now be heard to complain that the court does not have jurisdiction to dispose of all the issues raised between the parties. "* * * One who comes into court seeking relief against the plaintiff by cross-bill or counter-claim and actively presses his claim thereby invokes the court's jurisdiction in the case so that he cannot thereafter question the authority of the court to pass upon all questions raised between himself and his adversary. * * *" *Kincade v. Jeffery-De Witt Insulator Corp.*, 242 F.2d 328, 332 (5th Cir. 1957). And see, *Freeman v. Bee Machine Co., Inc.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, where the Court said:

"* * * Having invoked the jurisdiction of the federal court and submitted to it, he may not claim that he was present only for the limited objectives of his answer and counterclaim. He was present so to speak, for all phases of the suit." 319 U.S. at 454.

And compare, *Merchants Heat & Light Co. v. J. B. Clow & Sons*, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488, (which enunciated the same rule prior to the adoption of what are now the Federal Rules of Civil Procedure).

██ We hold that the assertion of a permissive counter-claim and a cross-claim by T. L. Smith was an invoking of the jurisdiction of the court and a submission by T. L. Smith to that jurisdiction for the purposes of determining *all* issues raised between the parties. See, *Sanders v. Black*, 136 Colo. 417, 318 P.2d 1100. By invoking the court's jurisdiction in its own behalf, T. L. Smith, in effect, expanded the limited *in personam* jurisdiction originally acquired under the long arm statute into general *in personam* jurisdiction. It follows, therefore, that the trial court was correct in denying T. L. Smith's motion to strike the counter-claims.

The Complaint for Relief In The Nature of Prohibition is dismissed; The Rule to Show Cause and The Stay Order of this Court are dissolved; and the cause is re-

manded to the district court with instructions to proceed to a determination of the merits of the issues raised by the various pleadings.

The Rule is discharged.