506 P.2d 386 (1972)
Robert E. BROWN, Plaintiff-Appellant,
v.
Barbara Janiece BROWN, Defendant-Appellee.
No. 71-390.
Colorado Court of Appeals, Div. II.
December 27, 1972.
Rehearing Denied January 16, 1973.
Certiorari Granted March 5, 1973.
*387 Houtchens, Houtchens & Dooley, John J. Dooley, Greeley, for plaintiff-appellant.
Creamer & Creamer, Nathan H. Creamer, Quiat & Quiat, P. C., James C. Bull, Denver, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff-appellant Robert E. Brown brings this consolidated appeal from separate orders of the trial court increasing child support and holding Brown to be in contempt for wilful violation of the custody provisions incorporated in the court's final decree of divorce.
Barbara J. Brown, defendant-appellee, was awarded a final decree of divorce from Robert E. Brown on November 13, 1963. A comprehensive property settlement agreement was incorporated into the decree. Under its terms, Mrs. Brown received permanent custody of the parties' two minor children, subject to Brown's right to custody for three weeks during each summer vacation. The divorce decree stated that the court would retain "such jurisdiction of this action as is conferred by law."
Subsequently, both parties moved from Colorado; Brown to Texas where he presently resides; and, by agreement of the parties in 1965, Mrs. Brown and the two children to Missouri where they now reside.
In February 1971, Mrs. Brown filed a motion in the trial court for an order to compel Brown to provide increased child support. On June 22, 1971, Mrs. Brown inaugurated contempt proceedings for Brown's failure to return their minor son to her custody following the expiration of Brown's summer custody rights, in violation of the provision of the decree. Notice of hearing on the motion to increase child support was served on Brown's attorneys of record. After they notified the court they no longer represented Brown, he was notified of the hearing by certified mail, pursuant to court order. The contempt citation together with a copy of the petition and order for issuance of the citation was served on Brown in Texas by a deputy *388 sheriff. In each proceeding Brown's attorney appeared and objected to the court's exercise of in personam jurisdiction over Brown. In both instances the trial court ruled that it had effectively retained personal jurisdiction and rendered decisions adverse to Brown. Brown appeals both orders on the sole ground that the trial court acted without first obtaining valid personal jurisdiction over him. We affirm the judgments.
The trial court originally acquired personal jurisdiction of Brown when he initiated divorce proceedings in 1963. See T. L. Smith Co. v. District Court, 163 Colo. 444, 431 P.2d 454; Sanders v. Black, 136 Colo. 417, 318 P.2d 1100. A trial court in a divorce proceeding shall retain jurisdiction of the action for the purpose of such later revision of its orders pertaining to custody, and care and support of minor children as changing circumstances may require. C.R.S.1963, 46-1-5(4). Moreover, the property settlement between the parties expressly stipulated that the trial court "shall retain jurisdiction of this action to enforce the terms hereof."
The trial court had, and still has, continuing in personam jurisdiction over Brown to modify its child support orders. Noonen v. Noonen, 166 Colo. 331, 443 P.2d 723. Likewise, the trial court has continuing personal jurisdiction to enforce its original custody orders through the exercise of its powers of contempt. C.R.S. 1963, 46-1-5(3), (4). Contempt for failure to comply with the custody order is not a separate procedure, but a continuance of the divorce action. See Parker v. United States, 1 Cir., 153 F.2d 66, 163 A.L.R. 379. Service on Brown in Texas was sufficient, giving Brown suitable notice and an adequate opportunity to be heard. See Karpf v. Karpf, 260 App.Div. 701, 23 N.Y.S.2d 745. Brown's failure to appear in person did not deprive the court of jurisdiction or its power to punish for contempt. Blackmer v. United States, 284 U.S. 421, 52 S. Ct. 252, 76 L.Ed. 375. The procedure followed by the trial court in issuing the contempt citation complied with C.R.C.P. 107(c) and the order entered after the hearing is valid and binding on Brown.
The judgments are affirmed.
DWYER and ENOCH, JJ., concur.