**CONTINENTAL DIVIDE INSURANCE COMPANY, a Colorado corporation, Plaintiff–Appellant,**

v.

**WESTERN SKIES MANAGEMENT, INC., a Colorado corporation, Defendant–Appellee.**

Nos. 03CA0334, 03CA1002.

Colorado Court of Appeals, Division IV.

Dec. 30, 2004.

§ 24–51–1105, C.R.S. 2004.

Wood, Ris & Hames, P.C., Mark R. Davis, Andrew D. Peterson, Denver, Colorado, for Plaintiff–Appellant.

Markusson, Green & Jarvis, P.C., H. Keith Jarvis, David B. Bush, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge RUSSEL.

Plaintiff, Continental Divide Insurance Company (Continental), appeals the trial court's summary judgment in favor of defendant, Western Skies Management, Inc. (Western). We affirm.

## I. Background

S2–Waterside (S2) owned an office building and hired Western to manage it. Brian Hughes, a former tenant of the building, sued S2 and Western for negligence and wrongful eviction (the Hughes action). The jury found for Hughes, and the court entered a judgment against Western and S2 for a net verdict of $637,500 plus interest and costs. Western paid Hughes $637,500. S2 paid Hughes $40,000 to cover interest and costs.

S2 then sued Western for indemnity and breach of contract. S2 sought to recover the $40,000 that it paid Hughes, plus the fees and costs it incurred while defending the Hughes action. The court replaced S2 with its insurer, Continental, as the real plaintiff

in interest. The parties filed cross-motions for summary judgment, and the court granted summary judgment for Western. The court ruled that Continental's suit was barred by the doctrine of res judicata because its claims could have been raised during the Hughes action.

Continental now appeals.

## II. Discussion

Summary judgment should be granted only if there is a clear showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo.1999). We review orders granting summary judgment de novo. *McIntyre v. Bd.· of County Comm'rs*, 86 P.3d 402, 406 (Colo.2004).

### A. Res Judicata

■ Continental contends that the court erred in applying the doctrine of res judicata. Continental notes that its indemnity and contract claims could have been raised in the Hughes action only as cross-claims, and it argues that res judicata cannot bar cross-claims because they are permissive, not compulsory. We agree.

■ Res judicata is the doctrine of claim preclusion. *Byrd v. People*, 58 P.3d 50, 53 n. 3 (Colo.2002). The doctrine bars claims that were or could have been litigated in an earlier action that resulted in a final judgment on the merits. *Pomeroy v. Waitkus*, 183 Colo. 344, 350, 517 P.2d 396, 399 (1973). Under this doctrine, a final judgment is considered conclusive in any subsequent litigation that involves (1) the same claim for relief, (2) the same subject matter, and (3) the same parties or those in privity with them. *Foley Custom Homes, Inc. v. Flater*, 888 P.2d 363, 364 (Colo.App.1994).

In Colorado, cross-claims are permissive, not compulsory. *See* C.R.C.P. 13(g) ("A pleading *may* state as a cross claim ....") (emphasis added); *T.L. Smith Co. v. Dist. Court*, 163 Colo. 444, 448, 431 P.2d 454, 457 (1967) (C.R.C.P.13(g) is clearly permissive, not compulsory); *see also* 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1431, at 236 (1990) (under identical federal rule, a cross-claim "always is permissive").

Thus, cross-claims trigger claim preclusion only if they were actually raised and decided in the earlier action. *Compare Charter Oak Fire Ins. Co. v. Sumitomo Marine & Fire Ins. Co.*, 750 F.2d 267, 270 (3d Cir.1984) (federal claim for indemnity was precluded because it had been raised and litigated as a cross-claim in the earlier state court action), *with Am. Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136, 1147 (9th Cir.1981) (although parties were both defendants in earlier suit, neither had filed a cross-claim against the other; accordingly, res judicata did not apply because there was no adjudication between the same parties on any cause of action, let alone the same cause of action). *See also* 6 Wright, *supra*, § 1431, at 164–65 (a party who refrains from bringing a cross-claim will not be barred by res judicata, as he or she would if the claim were a compulsory counterclaim).

We therefore conclude that the district court erred in granting summary judgment against Continental on the basis of res judicata.

### B. Antisubrogation Rule

■ Arguing in the alternative, Western contends that the court's judgment should be affirmed because Continental may not bring suit against Western as S2's subrogee. Western asserts that it was insured under Continental's policy with S2 and argues that Continental has no right of subrogation against its own insured.

Western raised this argument in support of its motion for summary judgment. We may address this argument, even though the trial court did not. *See Dandridge v. Williams*, 397 U.S. 471, 475 n. 6, 90 S.Ct. 1153, 1156, 25 L.Ed.2d 491 (1970) (prevailing party may assert any ground in support of the judgment, whether or not that ground was relied upon or even considered by the trial court); *In re Estate of Krotiuk*, 12 P.3d 302, 306 (Colo.App.2000).

We agree with Western.

### 1. Rule and Exception

■ Under the doctrine of equitable subrogation, when an insurer has paid its insured for a loss caused by a third party, it may seek recovery from the third party. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 833 (Colo.2004). In such an action, the insurer "stands in the shoes" of its insured. *Cotter Corp., supra*, 90 P.3d at 834 (citing *A. Copeland Enters., Inc. v. Slidell Mem'l Hosp.*, 657 So.2d 1292, 1298–99 (La.1995)).

■ But an insurer generally has no right of subrogation against its own insured. *1700 Lincoln Ltd. v. Denver Marble & Tile Co.*, 741 P.2d 1270, 1271 (Colo.App.1987). Under the antisubrogation rule, an insurer may not seek recovery against its insured on a claim arising from the risk for which the insured was covered. *See N. Star Reinsurance Corp. v. Cont'l Ins. Co.*, 82 N.Y.2d 281, 294–95, 604 N.Y.S.2d 510, 624 N.E.2d 647, 653–54 (1993). This rule serves two purposes: (1) it prevents the insurer from passing the loss back to its insured, an act that would avoid the coverage that the insured had purchased; and (2) it guards against conflicts of interest that might affect the insurer's incentive to provide a vigorous defense for its insured. *See Home Ins. Co. v. Pinski Bros., Inc.*, 160 Mont. 219, 500 P.2d 945 (1972); *N. Star Reinsurance Corp. v. Cont'l Ins. Co., supra*, 82 N.Y.2d at 294–95, 604 N.Y.S.2d 510, 624 N.E.2d at 653–54; *Pennsylvania Gen. Ins. Co. v. Austin Powder Co.*, 68 N.Y.2d 465, 471–72, 510 N.Y.S.2d 67, 502 N.E.2d 982, 985–86 (1986).

■ Courts recognize an exception to the antisubrogation rule. If an insurer pays on behalf of one insured for damage caused by a second insured, under a policy that does not cover the second insured for the loss, the insurer may recover from the second insured by subrogation. This exception is sometimes called the "no-coverage exception." *See Chubb Ins. Co. v. DeChambre*, 349 Ill.App.3d 56, 59, 283 Ill.Dec. 487, 808 N.E.2d 37, 40 (2004). It has allowed insurers to seek recovery against insureds in several situations:

● An insurer may sue to recover payment made for bodily injury where a general liability policy excluded bodily injury to employees. *See Rosato v. Karl Koch Erecting Co.*, 865 F.Supp. 104, 109–10 (E.D.N.Y.1994).

● An insurer may sue to recover payment made for damage caused by arson where a policy excluded intentional acts. *See LaSalle Nat'l Bank v. Mass. Bay Ins. Co.*, 958 F.Supp. 384 (N.D.Ill.1997); *Madsen v. Threshermen's Mut. Ins. Co.*, 149 Wis.2d 594, 439 N.W.2d 607 (Wis.Ct.App.1989).

● An insurer may sue to recover payment made for damage caused by a subcontractor's negligence where a general contractor's policy covered subcontractors for property damage, but not liability. *See Employers' Fire Ins. Co. v. Behunin*, 275 F.Supp. 399 (D.Colo.1967); *see also Turner Constr. Co. v. John B. Kelly Co.*, 442 F.Supp. 551, 553–54 (E.D.Pa.1976) (discussing lines of authority that allow and disallow subrogation in this context).

### 2. Application of Rule

Here, the following facts are undisputed: (1) Western is an insured under S2's policy with Continental because the policy expressly includes S2's "real estate manager"; (2) Western is also insured by Travelers Indemnity Company of Connecticut; and (3) Western's policy with Travelers has a limit of $1 million, and this limit has not been exhausted. Additionally, we may assume that Western's primary insurance is through Travelers. (We note that this fact was determined in a related federal lawsuit. *See Travelers Indem. Co. v. Cont'l Divide Ins. Co.*, (D. Colo. No. 01–Z–1357 (CBS), July 18, 2002).)

Continental contends that its lawsuit may proceed under these circumstances without running afoul of the antisubrogation rule. Until Western exhausts the $1 million limit on its primary insurance, Continental argues, Western has "no coverage" through Continental.

We disagree. In our view, the no-coverage exception arises only where the policy excludes coverage for a certain type of risk. Here, the situation is different: Continental clearly covers Western for the conduct that gave rise to Western's liability, and the fact that this coverage is "excess" to Western's primary insurance does not amount to an

exclusion. Thus, we conclude that Continental's suit is barred by the antisubrogation rule. *See 1700 Lincoln Ltd. v. Denver Marble & Tile Co., supra,* 741 P.2d at 1271 (owner's insurer cannot subrogate against another of its insureds, the subcontractor).

In reaching this conclusion, we are persuaded by views expressed in two similar cases.

### a. *Chubb Insurance Co. v. DeChambre*

In *Chubb Insurance Co. v. DeChambre, supra,* a subcontractor damaged a building that was insured under a policy issued to the owner and general contractor. The insurer made payments on the owner's behalf and then sued the subcontractor. Because the subcontractor was an additional insured under the owner's policy, the trial court granted summary judgment based on the antisubrogation rule. *Chubb Ins., supra,* 283 Ill. Dec. 487, 808 N.E.2d at 39–40.

On appeal, the insurer argued that its suit fell under the no-coverage exception because, among other things, the subcontractor was adequately covered by its own primary insurance. The appellate court disagreed: "The fact that the [subcontractor] had primary insurance through [another] policy is not an exclusion of coverage under the policy in this case." *Chubb Ins., supra,* 283 Ill.Dec. 487, 808 N.E.2d at 44. The court noted that, if allowed, subrogation would give rise to a conflict of interest because "it gives [the insurer] the incentive to pursue its own insured for a risk covered in the policy and for which [the subcontractor] has paid the premium, if perhaps indirectly." *Chubb Ins., supra,* 283 Ill.Dec. 487, 808 N.E.2d at 45–46.

### b. *Chrysler Leasing Corp. v. Public Administrator*

In *Chrysler Leasing Corp. v. Public Administrator,* 85 A.D.2d 410, 448 N.Y.S.2d 181 (N.Y.App.Div.1982), an insurer provided liability coverage of $1 million per accident to Avis Rent–A–Car, and $300,000 per accident to rental car drivers who purchased insurance. After buying insurance, a driver was involved in an accident that killed two people. The insurer settled with the plaintiffs on behalf of Avis for approximately $500,000. The insurer then sued the driver for approximately $200,000—the difference between the $300,000 coverage that the driver had purchased and the $500,000 that the insurer had paid. *Chrysler Leasing, supra,* 448 N.Y.S.2d at 182.

On appeal, the court held that the insurer's suit was barred by the antisubrogation rule. The court acknowledged that an insurer may be allowed to sue its own insured where the policy does not cover a particular type of risk. The court ruled, however, that a similar situation is not presented where the policy covers the risk at issue, but the insurer seeks to recover amounts in excess of the coverage provided. The court held: "[T]he rule is firmly established that an insurance company may not be subrogated to the claim of one insured against another insured even where the amount sought to be recovered is in excess of the coverage provided." *Chrysler Leasing, supra,* 448 N.Y.S.2d at 185.

The policy concerns that underlie the rulings in *Chubb Insurance* and *Chrysler Leasing* are also present here. Were we to allow Continental to sue Western in this context, we would invite conflicts of interest between other insurers and their insureds. *See 1700 Lincoln Ltd. v. Denver Marble & Tile Co., supra,* 741 P.2d at 1271 ("a conflict of interest would exist if an insurer were allowed to recover from one of its insureds").

Accordingly, we conclude that Continental's suit against Western is barred by the antisubrogation rule, and we affirm the summary judgment on this ground. In light of this holding, we need not address the parties' remaining contentions.

The judgment is affirmed.

Judge KAPELKE and Judge GRAHAM concur.