No. 18,911.

Frank England, Jr. v. Colorado Agency Company.
(359 P. [2d] 1)

Decided January 30, 1961.    Rehearing denied February 20, 1961.

Mr. SAMUEL BERMAN, Mr. GEORGE K. THOMAS, for plaintiff in error.

Mr. W. RICHARD MEANS, Mr. STANLEY H. JOHNSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

ENGLAND, defendant in the trial court, by writ of error seeks review of orders granting a temporary injunction restraining him from violating a contract relating to his business as an insurance agent. He further seeks reversal of a judgment entered by the trial court finding him in contempt of court and assessing a fine and jail sentence. We will refer to defendant in error as the Agency.

England has been engaged in the insurance business for many years. Early in 1957 he found himself heavily in debt for unpaid premiums to various insurance companies. He assigned his business to these creditors and for a time thereafter worked for the creditors' agent at a monthly salary. This proved unsatisfactory to him and with the consent of the creditors the assignment was terminated. Thereupon England's insurance business and that of the Spahr Agency were assigned to the Agency, a corporation which had been organized for the specific purpose of taking over the business of said parties and to assist England to remain in the insurance business and to discharge his indebtedness.

No good purpose would be served in reciting the specific provisions of the contracts which were entered into between the Spahr Agency and England and between the Agency, England and his thirteen creditors. Suffice it to say that allocations of money to the payment of England's debts on a percentage of his earnings were provided, which were deemed beneficial to the contracting parties. It was further provided that if England should discontinue his service with the Agency he would refrain from specified solicitation of insurance business and would not in any manner interfere with the operation of the insurance business which had been assigned to or might otherwise be acquired by the Agency.

England left employment by the Agency September 4, 1958. In many ways he thereafter violated the provisions of the contract. A temporary restraining order was issued on application of the Agency. Several hearings were had as to whether a temporary injunction should issue. In these hearings England admitted violating his contract with the Agency at various times and in many particulars. October 3, 1958, at the conclusion of these hearings, it was stipulated that a preliminary injunction should be entered, and certain concessions were granted to England under which he could continue in the insurance business so long as he did not interfere with the Agency's business or do any business with customers of the Agency, etc. The concessions thus made by the Agency were very fair and were undoubtedly far more favorable to England than might otherwise have resulted from the hearings.

November 3, 1958, England was cited for contempt of court for violations of the injunction, to the entry of which he had consented. The hearing thereon was concluded December 3, 1958, and the court adjudged England to be in contempt and ordered specific action to be taken by him.

December 10, 1958, England filed a praecipe for writ

of error, which issued and was served on the Agency December 16, 1958. This writ was directed to the order granting the preliminary injunction. December 29, 1958, a second citation for contempt was served on England. At the hearing thereon the court observed that the evidence showed a continual contempt by England and warned him that further disregard of the injunction would result in a jail sentence and a fine.

Yet another citation for contempt was issued March 31, 1960, charging repeated violations of the injunction subsequent to the issuance of the writ of error. At the hearing thereon held May 5, 1960, the violations were admitted by England. He was adjudged in contempt and sentenced to serve ten days in jail and to pay a fine of $250.00. No stay of execution was ever entered in connection with the writ of error directed to the order granting the temporary injunction. A stay of execution was granted on the judgment for contempt upon filing of a bond in the sum of $500.00.

We are now asked to direct the trial court to vacate the judgment of contempt, and to dissolve the temporary injunction order. The cause has not been tried on the merits.

We know of no basis on which it can be seriously argued that this court should vacate an order granting a temporary injunction where the parties to the litigation have stipulated that it should be granted. We are not impressed with the argument advanced in this connection.

As already pointed out, no supersedeas, or other stay of temporary injunction, has been issued out of this court. In such circumstances there is no impediment to the enforcement of the judgment and orders of the trial court. The mere issuance of a writ of error here does not stay proceedings in the trial court.

The record shows overwhelmingly a flagrant contempt of court on England's part, and he should consider

314

himself most fortunate that the trial court did not impose a penalty in excess of that ordered in this case.

The judgment is affirmed.

Mr. Justice Day and Mr. Justice Doyle concur.