Mr. Justice Moore
delivered the opinion of the Court.
This is an original proceeding in which petitioner *34 seeks relief by writ of mandamus. A rule to show cause was issued and the respondents have filed their answer.
Undisputed facts which give rise to this proceeding are as follows: An action for divorce was filed in the district court in which Warren D. Alexander was plaintiff and petitioner was defendant. On March 23, 1962, a decree of divorce was entered therein and a hearing concerning division of property, permanent alimony, attorney fees, etc., was set for April 11, 1962, at which plaintiff appeared in person and by attorney and petitioner (defendant) appeared by counsel only. Evidence was taken, a transcript of which is before us as part of the return filed by respondents. The court entered an order directing the husband to pay permanent alimony to petitioner in the amount of $20.00 per week. Thereafter and on the 21st day of December, 1962, the respondent judge on his own motion, without the knowledge of petitioner or her attorney and without notice to either of them, vacated the award of alimony entered April 11, 1962.
The answer of the respondent judge contains the following:
“* * * That said respondent after reconsideration of the absence of any evidence to support the alimony award of April 11, 1962, considered said order void and of no effect, and that the same should not be given prospective application.” The answer also contains the following:
“That respondent, Robert G. Porter, Judge, by failing upon reflection to vacate an award of alimony improvidently granted would have constituted an abuse of discretion to correct an order which clearly exceeded the Court’s jurisdiction.”
The question as to whether the judgment for alimony was supported by sufficient competent evidence was one subject to review by writ of error by the party aggrieved thereby. No writ of error was sought in this case. The petitioner first learned that the judgment for *35 alimony had been vacated in the month of March, 1S63, whereupon her attorney filed a motion attacking the order vacating the alimony award, which motion was denied. Thereupon this original proceeding was commenced.
The respondent court had jurisdiction of the parties to the action and the subject matter thereof. After the presentation of evidence and argument of counsel the judgment was entered. In the instant case the trial court was without jurisdiction or authority to vacate that judgment without notice to the petitioner even though the court concluded that it had committed error in the original entry thereof. Wright v. Wright, 122 Colo. 179, 220 P. (2d) 881. Accordingly the judgment awarding $20.00 a week alimony should be reinstated. The prayer of the petitioner is granted and the rule is made absolute.