No. C-347

## Robert E. Brown v. Barbara Janiece Brown

(516 P.2d 1129)

Decided December 17, 1973.        Rehearing denied January 7, 1974.

Houtchens, Houtchens and Dooley, John J. Dooley, for petitioner.

Creamer and Creamer, Nathan Creamer, Quiat and Quiat, P.C., James C. Bull, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The Colorado Court of Appeals affirmed a judgment of the Weld County district court, finding petitioner in contempt and ordering an increase in child support payments. *Brown v. Brown,* 31 Colo. App. 557, 506 P.2d 386 (1972). We granted certiorari. We affirm part of the Court of Appeals decision and remand the cause for further proceedings.

The Browns obtained a Colorado divorce in 1963. Custody of the two minor children, Robert and Cynthia, was awarded to the mother with certain visitation rights given to the father in an agreement reached by the parties. The agreement in which child support was determined also stipulated that "the court shall retain jurisdiction of this action to enforce the terms thereof." It was incorporated in the decree of divorce, which also stated: "this Court [will] retain such jurisdiction of this action as is conferred by law." In 1965, both parties went before the court to resolve a supplemental controversy.

Subsequently, Mr. Brown moved to Texas and Mrs. Brown and the children moved to Missouri. While Robert was visiting his father in Texas, he was kept there beyond the court-sanctioned period of visitation. Mrs. Brown returned to Colorado and filed for an order increasing child support and to have Mr. Brown cited for contempt because of violation of the custody and visitation orders. Mr. Brown was personally served with both the contempt citation and motion for additional support payments. Mr. Brown did not return to Colorado, but appeared specially by counsel, contending that the court lacked jurisdiction over him. The district court entered a new order to the father to increase child support and also held Mr. Brown in contempt, levying an assessment to be paid to Mrs. Brown of $50 for each day Brown failed to return Robert to the mother's custody.

While the case was pending in the Court of Appeals, Mr. Brown obtained a decree in Texas which awarded custody of Robert to him. Mrs. Brown stipulated to the terms of that order. Furthermore, we are advised by counsel that Cynthia left her mother on an unspecified date and has taken up

residence with her father — presumably without protest from her mother. Accordingly, our decision relates only to the matters of jurisdiction prior to the changes of custody and the issuance of the Texas decree.

I.

As his first ground for reversal, petitioner argues that the district court's order and contempt citation are void for lack of *in personam* jurisdiction. Given the facts of this case, this position is untenable.

Mr. Brown received adequate notice of both of the recent proceedings. Before that, he was a party to a Colorado divorce proceeding where he consented to the court's jurisdiction. He later appeared before the court in 1965.

It is a fundamental tenet of law that one who enters a general appearance may not later challenge personal jurisdiction. *T.L. Smith Co. v. District Court,* 163 Colo. 444, 431 P.2d 454 (1967); *Sanders v. Black,* 136 Colo. 417, 318 P.2d 1100 (1957). Once having obtained jurisdiction over Mr. Brown, the district court's power over his person continues until all matters arising out of that litigation are resolved. This is all the more so where the objecting party has signed a stipulation consenting to the court's continuing jurisdiction and that stipulation is incorporated in the divorce decree. *Noonen v. Noonen,* 166 Colo. 331, 443 P.2d 723 (1968). That Mr. Brown has left the borders of Colorado is of no significance, for once jurisdiction has attached, it cannot be defeated by his change of residence or domicile. *Austin v. Austin,* 173 Mich. 47, 138 N.W. 237 (1912). Jurisdiction over Mr. Brown is irrefutable.

II.

Assuming jurisdiction to be proper, petitioner also attacks the orders of the court providing for child support payments to Mrs. Brown when she in fact did not have the children and expended no funds for their support. It appears that because of the father's special appearance in the trial court to test the jurisdiction of the court and that because of the resolution of that question against him here, there should now be a hearing to determine what support payments are

actually due and unpaid. Consent to custody change has altered the basis for both the grant of the motion for child support and the contempt order. In light of the developments, we hereby. vacate the district court's judgment of contempt and the order of increased child support and reverse the Court of Appeals' decision affirming the same. It is ordered that the cause be remanded to the Court of Appeals with directions to remand to the district court for further proceedings.

On remand, the district court shall consider the extent to which the changes of custody, both of Robert and Cynthia, will alter the requirements of child support as Mrs. Brown is only entitled to payments when the children were actually with her and supported by her. The district court had jurisdiction, as we have held, to consider the alleged contempt of Mr. Brown for his failure to return Robert. However, we set aside the contempt order for reconsideration because the levy of the fine for the benefit of Mrs. Brown was in excess of the court's authority and is void. Any order of payment to a party is limited to a sum not exceeding the actual damages, including attorneys' fees, suffered by reason of the contempt. A fine, however, in any amount is permissible for vindication of the dignity of the court, but that is made payable to the court, not to the parties. C.R.C.P. 107(d).

The decision of the Court of Appeals is affirmed in part and reversed in part, and the cause is remanded to the Court of Appeals from remand to the district court for further proceedings consonant with the views expressed herein.

MR. JUSTICE ERICKSON does not participate.