No. 26835

**Rona D. Blank v. The District Court in and for the County of Boulder, State of Colorado, and The Honorable Horace B. Holmes, One of the Judges thereof**

(543 P.2d 1255)

Decided December 22, 1975.          Rehearing denied January 12, 1976.

Dupler & Koeberle, W. S. Fambrough, for petitioner.

Roger E. Stevens, Harriet Templer Moskovit, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In this original proceeding, the petitioner seeks relief in the nature of prohibition and asserts that the Boulder County district court exceeded its jurisdiction in entering orders relating to alimony and contempt. We issued a rule to show cause and now make the rule absolute in part and remand for further proceedings not inconsistent with the directions contained in this opinion.

The petitioner, Rona D. Blank, was the plaintiff in a divorce action. The respondent district court entered a divorce decree in August 1968, which included a property settlement and custody agreement. Shortly thereafter, Howard Blank, the defendant in the divorce action, left Colorado and traveled to Maryland, where he established permanent residence. Subsequently, a custody dispute arose, and a hearing was held in the Boulder district court in 1973. Permanent custody of the couple's three children was awarded to the father, Howard Blank, and he was also given the right to take the children to Maryland. The mother eventually established permanent residence in Maryland in 1974.

The original divorce decree granted the mother, Rona D. Blank, visitation privileges which she exercised during the summer of 1974. The children spent the summer with her in Colorado, pursuant to the terms of the decree. At the conclusion of the summer's visitation, she refused to return

the children to the father. The father then returned to Colorado, where he filed a motion in the respondent court to terminate alimony payments and to find the mother in contempt. On the same day, September 10, 1974, an *ex parte* order was entered by the respondent court terminating alimony payments until further order of the court and directing the mother to appear on February 7, 1975, to show cause why she should not be punished for contempt.

On January 23, 1975, the mother filed a petition for custody in the Maryland court and obtained an order directing that a hearing be held in Maryland on the custody issue. The respondent court, although advised of the proceedings in the Maryland court, elected to hold a hearing on the contempt citation on February 7, 1975. At the hearing, the mother appeared through her attorney, who attempted to withdraw motions which had been filed earlier contesting the termination of alimony on September 10, 1975.[1] The attorney sought to make a special appearance on behalf of the mother, alleging that the Boulder district court did not have jurisdiction to proceed, but he, nevertheless, participated in the hearing by cross-examining the father.

Following the hearing, the respondent court entered an order, on February 14, 1975, requiring the mother to return the children to the custody of the father and suspending further alimony payments until the mother complied with the custody order. In entering the contempt order, the court concluded that the order could only be enforced by suspension of the alimony payments. Thereafter, no appeal was taken from the court's order or from the order terminating alimony. The mother now seeks to obtain review by the use of an original proceeding in the nature of prohibition.

The only issues which we address in this proceeding are: (1) The jurisdiction of the Boulder district court to enter the initial *ex parte* order suspending alimony payments; and (2) The jurisdiction of the court to hear and determine the contempt issue. We conclude that the Boulder district court lacked jurisdiction to enter the initial order terminating alimony on an *ex parte* basis and that it acted in excess of its jurisdiction in entering the contempt order that terminated alimony for a punitive purpose.

## I.

The *ex parte* order entered on September 10, 1974, suspended alimony. It is Hornbook law that notice is an essential element of due process of law. *See Alexander v. District Court*, 154 Colo. 33, 387 P.2d 726 (1963); *Parker v. Parker*, 142 Colo. 416, 350 P.2d 1067 (1960). Since the mother was not given notice of the proceedings and did not have

---

[1] Prior to the contempt hearing, the mother entered a general appearance by filing motions which were directed to the district court's action in September 1974.

an opportunity to participate in the hearing, that order has no force and effect. The respondent court, however did have general jurisdiction to hear the February 7, 1975, contempt proceedings. Service of process was properly obtained upon the mother, in accordance with Rules 4 and 107(c) of the Colorado Rules of Civil Procedure. The mother's counsel entered a general appearance on her behalf and actively participated in the contempt proceedings. Furthermore, a signed agreement between the parties, incorporated in the divorce decree, provided that the Boulder district court would have continuing jurisdiction in all matters respecting custody, visitation, and alimony. This agreement, when coupled with the actions of the mother and her counsel, establishes the court's general jurisdiction.

We are guided by the similarity of the facts in this case to those enunciated in *Brown v. Brown*, 183 Colo. 356, 516 P.2d 1129 (1973). In *Brown*, the husband entered a general appearance and had also signed a stipulation consenting to the court's continuing jurisdiction over the parties. Subsequent to the entry of the divorce decree, both the husband and the wife established residences outside of Colorado. When the husband abused his visitation rights, a contempt citation and a motion for additional support were filed in the Colorado district court. In *Brown*, we said: "It is a fundamental tenet of law that one who enters a general appearance may not later challenge personal jurisdiction. *T. L. Smith Co. v. District Court*, 163 Colo. 444, 431 P.2d 454 (1967); *Sanders v. Black*, 136 Colo. 417, 318 P.2d 1100 (1957). Once having obtained jurisdiction over Mr. Brown, the district court's power over his person continues until all matters arising out of that litigation are resolved. This is all the more so where the objecting party has signed a stipulation consenting to the court's continuing jurisdiction and that stipulation is incorporated in the divorce decree. *Noonen v. Noonen*, 166 Colo. 331, 443 P.2d 723 (1968). That Mr. Brown has left the borders of Colorado is of no significance, for once jurisdiction has attached, it cannot be defeated by his change of residence or domicile. *Austin v. Austin*, 173 Mich. 47, 138 N.W. 237 (1912). Jurisdiction over Mr. Brown is irrefutable."

We, therefore, conclude that the district court had jurisdiction to determine whether the mother was guilty of contempt of court for failure to return the children and could grant relief in accordance with Rule 107(d), C.R.C.P.

## II.

The petitioning mother claims that we must set aside the contempt order because termination of alimony payments constituted an order which was in excess of the court's jurisdiction and was, therefore, void.

In *Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958), we held that a writ of prohibition properly lies where the inferior tribunal, though vested with general jurisdiction, has in some manner exceeded its jurisdiction.

" 'Therefore, prohibition may issue to prevent a court from ·. . . proceeding against the express prohibition of a statute or where an adequate and exclusive remedy to obtain certain relief is provided by statute and the inferior court proceeds by another remedy . . . .'" *Bustamante v. District Court, supra.*

Rule 107(d), C.R.C.P. provides:

"(d) *Trial and Punishment.* The court shall hear the evidence for and against the person charged and it may find him guilty of contempt and by order prescribe the punishment therefor. A fine may be imposed not exceeding the damages suffered by the contempt, plus costs of the contempt proceeding, plus reasonable attorney's fees in connection with the contempt proceeding, payable to the person damaged thereby. If the contempt consists of the failure to perform an act in the power of the person to perform he may be imprisoned until its performance. In addition thereto, to vindicate the dignity of the court, if the citation so states, a fine or imprisonment may be imposed. If any such fine is not paid the court may order the contemner imprisoned until payment thereof."

Since C.R.C.P. 107(d) precisely delineates the penalties to be assessed for the purpose of vindicating the dignity of the court, the only remedies available are a fine or imprisonment, and neither remedy was utilized in this case by the respondent court. Instead, the court ordered that alimony payments to the mother would be suspended until she returned the children to the father.

In *Brown v. Brown, supra*, we held that any fine imposed for the vindication of the dignity of the court is payable only to the court and not the parties. The exclusive remedy which is available to the court was not employed, and the court, therfore, acted in excess of its jurisdiction when it proceeded by way of another remedy.

No other plain, speedy, or adequate remedy exists to provide the petitioner relief from the order of the court, *see Stull v. District Court*, 135 Colo. 86, 308 P.2d 1006 (1957), and an original proceeding in the nature of prohibition was, therefore, available to prevent the district court from acting in excess of its jurisdiction. *Bustamante v. District Court, supra.*

Since the respondent court has combined its ruling on the contempt issue with its decision to terminate alimony, we have no alternative but to remand this case to the trial court to take further evidence on the alimony issue and to make more appropriate findings.

■ We further note that a motion to terminate alimony can only be granted on a showing that there has been a substantial change of circumstances or that other events have occurred as specified in section 14-10-122, C.R.S. 1973.

Accordingly, we make our rule absolute and remand for further proceedings in accordance with the directions contained in this opinion. We

also direct the district court to reinstate the petitioner's alimony for the months of September 1974 through January 1975.