The ODD FELLOWS BUILDING & IN-VESTMENT COMPANY, a Colorado corporation, Plaintiff-Appellee,

v.

The CITY OF ENGLEWOOD, a municipal corporation of the State of Colorado; the City of Englewood, Acting By and Through Its City Council; Eugene Otis as a member of the City Council thereof; Beverly Bradshaw as a member of the City Council thereof; Joe Bilo as a member of the City Council thereof; Thomas Fitzpatrick as a member of the City Council thereof; John Neal as a member of the City Council thereof; Jim Higday as a member of the City Council thereof; Betty Keena as a member of the City Council thereof, Defendants-Appellants.

No. 83SA22.

Supreme Court of Colorado, En Banc.

June 13, 1983.

Broadhurst & Petrock, J.J. Petrock, Kenneth J. Broadhurst, Frederick A. Fendel, III, Denver, for plaintiff-appellee.

Lamm, Edstrom & Braymer, P.C., William O. Lamm, Blake T. Jordan, Denver,

Rick DeWitt, City Atty., for Englewood, Englewood, for defendants-appellants.

ROVIRA, Justice.

We issued a rule to show cause why we should not stay judgment pending appeal, pursuant to C.A.R. 8. We now discharge the rule.

In 1980, the defendant-appellant City of Englewood (City) adopted an ordinance creating a special assessment district to finance construction of a parking facility, a "walk-through," and related improvements in downtown Englewood. The cost of parking improvements was to be assessed against each lot within the district based on a formula that took into consideration the number of parking spaces for each lot required by city zoning laws and the number of spaces already provided by the owner. Cost of the walk-through was to be based on the square-footage of each lot. Because the City Council determined it unlikely that any property would benefit by more than $40,000 from the improvements, a limitation of that amount was placed on the assessment of any piece of property. On January 19, 1981, the City adopted an ordinance providing for issuance of special assessment bonds, the interest on which was to be paid from assessments levied against property in the district.

Plaintiff-appellee, Odd Fellows Building & Investment Co. (Odd Fellows), brought suit challenging the method of assessment and the $40,000 limitation. The district court ruled that the method of assessment was invalid as applied to Odd Fellows because it was based on the permissible uses of the property instead of on the intensity of actual use. The court also held that the $40,000 limitation was invalid because it conferred a greater benefit on another property owner within the district and therefore constituted a denial of equal protection. The court also prohibited collection of any assessments under the ordinance be-

cause it held that the infirm portion could not be severed from the remainder.

On November 26, 1982, the City filed a motion for new trial, which was denied on the same date. On December 3, the City filed a notice of appeal. On December 10, it attempted to file a motion for stay of judgment. The trial judge refused to allow the filing, however, because he was of the opinion that filing of the notice of appeal had divested the court of jurisdiction.

We believe that the trial court erred in its conclusion that it lacked jurisdiction to consider the motion and issue a stay. Although it is a general rule that the filing of a notice of appeal divests a trial court of jurisdiction, this rule is subject to a number of exceptions. As we stated in *People v. Dillon,* 655 P.2d 841 (Colo.1982), the principle applies "[u]nless otherwise specifically authorized by statute or rule."

C.R.C.P. 62(d) provides:

"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay from the trial court subject to the exceptions contained in section (a) of this Rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."[1]

C.A.R. 8(a) states in part:

"Application for a stay of the judgment or order of a trial court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal *must ordinarily be made in the first instance in the trial court.* A motion for such relief may be made to the appellate court or to a judge or justice thereof, but the motion shall show that application to the trial court for the relief sought is not practicable, or that the trial court has denied an application, or has failed to afford the relief which the applicant requested, with

1. C.R.C.P. 62(e) provides that no bond is required when an appeal is taken by a governmental entity unless ordered by the court.

the reasons given by the trial court for its action." (emphasis added).

These two rules, read together, contemplate that the trial court may issue a stay either before or after the notice of appeal is filed.[2] Moreover, C.A.R. 8(a) expresses a preference for such motions to be filed in the trial court rather than in the appellate courts. The trial court is ordinarily already familiar with the issues of the case and is in a position to take evidence on the matter if necessary.

We hold that the filing of a notice of appeal does not divest the trial court of jurisdiction to consider (and, if appropriate, issue) a stay of judgment. Therefore, the trial court should make the initial determination of whether the City should be granted a stay.

The rule is discharged.

**2.** Federal courts, interpreting similar rules, have also reached the conclusion that the filing of a notice of appeal does not defeat the trial court's jurisdiction to issue a stay of judgment. *See In re Federal Facilities Realty Trust*, 227 F.2d 651 (7th Cir.1955); *Marshall v. Berwick Forge & Fabricating Co.*, 474 F.Supp. 104 (M.D. Pa.1979); *Betts v. Coltes*, 449 F.Supp. 751 (D.Haw.1978).