IN RE THE ESTATE OF Charles Erroll HOSSACK, deceased.

Gladys Robinson, Appellant,

v.

Lori Hossack and Kirk Hossack, Appellees.

Court of Appeals No. 12CA1465

Colorado Court of Appeals, Div. VII.

Announced April 25, 2013

---

Rio Blanco County District Court No. 06PR24, Honorable James B. Boyd, Judge.

John W. Groves, Erik R. Groves, Grand Junction, Colorado, for Appellant.

Wells Law Office, P.C., N. Louise Wells, Denver, Colorado, for Appellees.

Opinion by JUDGE BERNARD

¶ 1 This appeal raises the issue whether a court had jurisdiction to award a fine, which was assessed as a remedial sanction for contempt, to an adverse party, even though the amount of the fine was not limited to the damages suffered by the adverse party. We conclude, under the circumstances here, that the trial court had jurisdiction to make such an award. As a result, we further conclude that the court properly denied the C.R.C.P. 60(b)(3) motion of the contemnor, Gladys Robinson, which alleged that the order making the award was void. Therefore, we affirm.

## I. Background

¶ 2 Robinson lived with the decedent, Charles Erroll Hossack, at the time of his death. Following the settlement of his estate, the trial court ordered her to return specified items of personal property to Lori Hossack and Kirk Hossack, decedent's children. Robinson did not comply with this order.

¶ 3 In a written order issued on November 14, 2007, which was made "effective nunc pro tunc" August 21, 2007, the trial court found Robinson to be in contempt because she had not returned the property. As is pertinent here, the contempt order stated:

- Robinson "stipulates, and the [c]ourt finds[,] that [Robinson] has failed to comply with the [c]ourt order."

- Robinson "is in contempt of this [c]ourt and the entry of a remedial order which includes sanctions is appropriate."

- "In order for [Robinson] to purge herself of the contempt," the court ordered her to conduct an accounting and to ship the specified items to the decedent's children following a designated schedule.

- "A fine in the amount of $100.00 per day shall be imposed upon [Robinson] if she fails to complete and file the accounting" by August 24, 2007, and the fine "shall continue until such time as she has complied with this [o]rder ... regarding such accounting."

- "A fine in the amount of $100.00 per day shall be imposed upon [Robinson] if she fails to provide proof of shipment" of some of the specified items to the decedent's children by August 28, 2007, and the fine "shall continue until such time as she has complied with this [o]rder ... regarding the return of such items of personal property."

- "If [Robinson] fails to return" the rest of the specified items "by September 18, 2007, a fine of $250.00 per item not so returned shall be imposed upon [her]."

- "If [Robinson] still has not complied with any one or more of the provisions of this [o]rder by September 18, 2007, a fine of $1,000.00 per day shall be imposed upon her until such time as she has complied with all of the provisions of this [o]rder."

¶ 4 Robinson did not file a timely appeal from the contempt order. She also did not comply with its terms, and the contempt fine eventually accumulated to a sum of $231,300.

¶ 5 The decedent's children filed a motion to reduce this amount to judgment in March 2008. After a series of events occurred that are not pertinent to this appeal, the trial court granted this motion in January 2010. As is relevant to this appeal, the order states:

- Robinson "has not demonstrated compliance [with the court's contempt order] and has not shown the existence of a genuine issue about her compliance."

- "The long delay in compliance was Robinson's choice. Her delay was made with knowledge of the daily consequence of that delay. The size of the judgment requested is the result of her own decisions. To the extent the large judgment may appear excessive, the time to challenge the contempt order of the [c]ourt as excessive is governed by C.R.C.P. 59.

The time for such a challenge is long past."

- "Judgment is hereby entered in favor of [the decedent's children] and against Robinson in the sum of $231,300. Interest shall accrue on the judgment at the statutory rate of 8% compounded annually."

¶ 6 Relying on C.R.C.P. 60(b)(3), Robinson filed a motion to set aside the judgment. She argued that the judgment was void because the trial court did not have jurisdiction to award the fine to the decedent's children because the amount of the fine was not limited to any damages that the decedent's children may have suffered. The trial court denied the motion, and Robinson filed this appeal.

## II. Analysis

¶ 7 Robinson repeats her argument on appeal that the judgment is void. We disagree with her argument.

¶ 8 Robinson's argument relies on two assertions. First, she asserts that the trial court did not have jurisdiction to award the fine to the decedent's children because the amount of the fine was not limited to any damages that the decedent's children may have suffered. In support of this assertion, she relies heavily on three decisions from our supreme court that apply language found in C.R.C.P. 107(d) before that rule was extensively amended in 1995. We conclude that these decisions do not control the outcome in this case because the 1995 amendments (1) removed the language from the rule that Robinson emphasizes; and (2) added language to the rule that authorized remedial sanctions such as the one that the trial court imposed here.

¶ 9 Second, Robinson asserts that C.R.C.P. 107(d) does not provide a trial court with authority to award a remedial fine to an adverse party. We reject this assertion because such awards are authorized by a long and consistent line of appellate decisions in Colorado, which spans the period before and after the 1995 amendments to C.R.C.P. 107.

## A. General Principles

¶ 10 "We review the district court's denial of a C.R.C.P. 60(b) motion for an abuse of discretion." *SR Condominiums,* *LLC v. K.C. Constr., Inc.,* 176 P.3d 866, 868 (Colo.App.2007). "The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair." *Id.*

¶ 11 Under C.R.C.P. 60(b)(3), a court may grant a party relief from a void judgment. "Generally, if a court lacks subject matter jurisdiction, any judgment it renders is void." *Id.* at 869. However, "[a] court's erroneous application of the law is not sufficient to render its judgment void." *Id.* at 870.

¶ 12 "[S]ubject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment, not its authority to enter a particular judgment in that class." *Minto v. Lambert,* 870 P.2d 572, 575 (Colo.App.1993). "Whether a court possesses . . . jurisdiction is generally only dependent on the nature of the claim and the relief sought." *Trans Shuttle, Inc. v. Pub. Utilities Comm'n,* 58 P.3d 47, 50 (Colo.2002); *accord In re Marriage of Stroud,* 631 P.2d 168, 171 (Colo.1981); *In re Estate of Murphy,* 195 P.3d 1147, 1150 (Colo. App.2008).

¶ 13 "[I]n determining whether a court has subject matter jurisdiction, it is important to distinguish between cases in which a court is devoid of power and those in which a court may have inappropriately exercised its power." *SR Condominiums,* 176 P.3d at 869–70. "In our analysis, we consider the substance of the claim, including the facts alleged and the relief requested. If a court does not have power to resolve a dispute, then it does not have subject matter jurisdiction over the claim." *Id.* at 870 (citation omitted).

## B. C.R.C.P. 107(d) No Longer Requires That the Amount of a Remedial Fine Be Limited to the Damages That the Adverse Party Suffered

### 1. Pre–1995 Authority

¶ 14 In support of her position, Robinson cites *Brown v. Brown,* 183 Colo. 356, 516 P.2d 1129 (1973); *Blank v. Dist. Court,* 190 Colo. 114, 543 P.2d 1255 (1975); and *Schnier v. Dist. Court,* 696 P.2d 264 (Colo.1985). We

conclude that these cases do not support Robinson's argument because (1) these cases were decided before C.R.C.P. 107 was amended in 1995; (2) the 1995 amendments to C.R.C.P. 107 removed the analytical basis upon which Robinson now relies; and (3) the amended rule allows a district court to impose a remedial sanction that is not limited to amount of the damages that the adverse party has suffered.

¶ 15 In other words, before C.R.C.P. 107 was amended in 1995, the relief that could be awarded to a party in a remedial contempt order was limited to the amount of damages suffered by the party. This restriction, in turn, limited a district court's jurisdiction when fashioning such relief. *See, e.g., Trans Shuttle,* 58 P.3d at 50. However, such limitation was removed by the 1995 amendments, and so the concomitant limitation on a district court's jurisdiction was likewise removed. *See id.*

¶ 16 *Brown* involved the dissolution of a marriage that had produced two children. The district court placed the children in the mother's custody. The father, who lived in another state, kept one of them beyond the time set for visitation. As is pertinent here, the district court found him in contempt, and it ordered him to pay the mother $50 for each day that he did not return the child to her custody. The supreme court cited the pre–1995 version of C.R.C.P. 107(d), and the court

> set aside the contempt order … because the levy of the fine for the benefit of [the mother] was in excess of the court's authority and [was] void. *Any order of payment to* a party is limited to a sum not exceeding the actual damages, including attorneys' fees, suffered by reason of the contempt.

*Brown,* 183 Colo. at 360, 516 P.2d at 1131–32 (emphasis supplied).

¶ 17 *Blank* was a divorce case in which the district court awarded custody of the couple's children to the father. The mother refused to return the children to the father after her court-ordered visitation. The district court suspended the father's obligation to pay the mother maintenance until she returned the children to the father.

¶ 18 The supreme court focused on same language in C.R.C.P. 107(d) that had driven its decision in *Brown*: "A fine may be imposed not exceeding the damages suffered by the contempt … payable to the person damaged thereby." Conversely, under *Brown,* "any fine imposed for the vindication of the dignity of the court [was] payable only to the court and not the parties." *Blank,* 190 Colo. at 118, 543 P.2d at 1258. The court observed that the language of the pre-1995 C.R.C.P. 107(d) *"precisely delineate[d]"* the penalties to be assessed." *Id.* (emphasis supplied). Thus, the district court's order suspending the father's maintenance obligation did not fall within "[t]he exclusive remedy which [was] available to the court," and, as a result, the district court "acted in excess of its jurisdiction when it proceeded by way of another remedy." *Id.* at 118, 543 P.2d at 1258.

¶ 19 In *Schnier,* Schnier breached a contract in which he had agreed to buy oil and gas leases from a company. The district court ordered him to comply with the contract. He did not, and, as a result of his inaction, many of the leases expired. The court found him in contempt. It ordered him to pay the company the value of the expired leases, which was the amount of the damages that the company suffered, plus attorney fees and interest.

¶ 20 Schnier argued that the district court did not have authority to require him to pay the company a remedial sanction for his contempt. As in *Brown* and *Schnier,* the fulcrum on which the supreme court's holding rested was the phrase in pre–1995 C.R.C.P. 107(d) that "[a] fine may be imposed not exceeding the damages suffered by the contempt." Citing *Brown,* the court interpreted this language to mean that

> [w]here a fine is ordered payable to a party but *is in excess of the actual damages* plus costs and attorney's fees suffered by reason of the contempt, a trial court exceeds its jurisdiction under C.R.C.P. 107(d). However, a fine in any amount is permissible for vindication of the dignity of the court, but must be payable to the court, not the parties. Therefore, whether or not a fine is properly imposed under

C.R.C.P. 107(d) requires an examination of who receives the fine, the person damaged by the contempt of court, and the amount of the fine.

*Schnier*, 696 P.2d at 269 (citations omitted; emphasis supplied). Applying this framework, the supreme court concluded that the fine the court had imposed as a sanction against Schnier was legally justified.

### 2. The 1995 Amendments

¶ 21 The supreme court amended C.R.C.P. 107 effective April 1, 1995. *See In re Marriage of Cyr*, 186 P.3d 88, 93 (Colo.App.2008). The amendment removed the language from C.R.C.P. 107 that stated "[a] fine may be imposed not exceeding the damages suffered by the contempt."

¶ 22 As is relevant here, the amendment made two additional important changes. First, C.R.C.P. 107(a)(5) now defines remedial sanctions for contempt to be "[s]anctions imposed to force compliance with a lawful order or to compel performance of an act within the person's power or present ability to perform."

¶ 23 Second, C.R.C.P. 107(d)(2) now explains the procedures for the trial and punishment of cases involving remedial sanctions. It states that

> [t]he court shall enter an order ... describing the means by which the person may purge the contempt and the sanctions that will be in effect until the contempt is purged.... If the contempt consists of the failure to perform an act in the power of the person to perform and the court finds the person has the present ability to perform the act so ordered, the person may be fined ... until its performance.

### 3. Effect of the 1995 Amendments

¶ 24 The trial court had the authority in this case to determine whether Robinson should be held in contempt, and, if so, what type of sanction should be imposed. *See In re Estate of Elliott*, 993 P.2d 474, 478–81 (Colo.2000) (describing, in an estate case, the type of findings necessary to support a remedial sanction for contempt).

¶ 25 Further, we conclude that *Brown, Blank,* and *Schnier* do not support Robinson's position because the 1995 amendments to C.R.C.P. 107(d) changed the nature of the relief that courts may impose as sanctions for contempt. The focus of those three supreme court cases was on the portion of C.R.C.P. 107(d) that stated, "[a] fine may be imposed not exceeding the damages suffered by the contempt." The supreme court stated that this remedy was "precisely delineate[d]." *Blank*, 190 Colo. at 118, 543 P.2d at 1258.

¶ 26 The issue in all three cases was whether the remedy that the district court had chosen fell within the remedy that had been "precisely delineated" by C.R.C.P. 107(d). If the district court's chosen remedy did not fall within the parameters of the remedy established by C.R.C.P. 107(d), the district court did not have jurisdiction over the "relief sought." *See, e.g., Trans Shuttle*, 58 P.3d at 50 ("jurisdiction is generally only dependent on the nature of the claim and the *relief sought* " (emphasis supplied)).

¶ 27 The 1995 amendments removed the limitation that a fine could not "exceed[ ] the damages suffered by the contempt." In place of that limitation, (1) C.R.C.P. 107 authorizes a court to impose sanctions "to force compliance with a lawful order or to compel performance of an act within the person's power or present ability to perform," C.R.C.P. 107(a)(5); and (2) such remedial sanctions may include a fine until that act is performed, C.R.C.P. 107(d)(2).

¶ 28 The sanction that the trial court imposed here fell within those parameters. Therefore, the trial court's sanction was *consistent* with the reasoning in *Brown, Blank,* and *Schnier*, because the court had jurisdiction over the "relief sought." *See Trans Shuttle*, 58 P.3d at 50.

¶ 29 Our conclusion is supported by the holding in the somewhat similar case of *Levin v. Anouna*, 990 P.2d 1136, 1137–38 (Colo. App.1999). There, the appellants argued that the trial court did not have jurisdiction under C.R.C.P. 107(d)(2) to impose the remedial sanction of requiring the contemnors to restain a garage door or to pay $50 for each day that they did not restain the door. The division disagreed, and it concluded that

the question of "jurisdiction" of a court relates either to its authority to act upon the class of cases within which the controversy falls or its authority over the person of the respondent. Further, a procedural statute or a court rule [such as C.R.C.P. 107(d)(2) ] normally does not address jurisdictional issues; restrictions upon a court's jurisdiction are generally to be found in statutes directly addressing that subject.

*Id.* at 1138.

¶ 30 Our conclusion in this case is limited. We take no position on whether the remedial fine that the trial court entered was excessive because that issue does not implicate the trial court's jurisdiction under C.R.C.P. 60(b)(3). As the trial court observed, there were mechanisms, such as a timely C.R.C.P. 59(d)(5) motion or a timely appeal, which Robinson could have pursued to address that issue. *See Levin,* 990 P.2d at 1138 ("[I]f [a] procedural defect results from a failure to comply with an essential requirement [of C.R.C.P. 107], such a failure may constitute reversible error, even if the court's jurisdiction is not implicated.").

### C. A Court Has Authority to Award a Remedial Fine to the Party Injured by the Contempt

¶ 31 The imposition of a fine as a sanction for remedial contempt may be designed for the "protection or enforcement of the rights of an individual litigant." *In re Marriage of Weis,* 232 P.3d 789, 797 (Colo. 2010) (quoting *Wright v. People ex rel. Sprague,* 31 Colo. 461, 466, 73 P. 869, 870 (1903)). Thus, "any payments or proceeds resulting from remedial contempt are payable to the person injured by the disobedience to a court's order." *In re Marriage of Nussbeck,* 974 P.2d 493, 499 (Colo.1999).

¶ 32 The concept that a remedial fine may be paid to a person injured by contempt predates the 1995 amendments to C.R.C.P. 107. *See Schnier,* 696 P.2d at 268–69 & n.11 ("remedial fines may be imposed payable to a person damaged by the contempt of another"; "Colorado is among those states which have, by rule or statute, specifically authorized compensatory damages or fines for civil contempt"); *Shapiro v. Shapiro,* 115 Colo.

501, 503, 175 P.2d 387, 388 (1946) (a fine as a remedial sanction for contempt "is payable to the person damaged thereby").

¶ 33 Robinson's reliance on *In re Marriage of Zebedee,* 778 P.2d 694, 698–99 (Colo.App.1988), is misplaced. There, the district court imposed a fine to "vindicate the dignity of the court," and ordered the contemnor to place the money in an interest bearing account for the benefit of his child. The division, citing *Brown,* held that such a fine must be paid to the court, not to one of the parties.

¶ 34 As we have recognized above, *Brown* held that there were limitations in C.R.C.P. 107(d) on "[a]ny order of payment to a party." *Brown,* 183 Colo. at 360, 516 P.2d 1129 at 1132. In reaching this holding, the supreme court recognized that payments that fell within the existing limitations of C.R.C.P. 107(d) *were* authorized. However, the supreme court also held that "[a] fine ... in any amount is permissible for *vindication of the dignity of the court,* but that is made payable to the court, not to the parties." *Brown,* 183 Colo. at 360, 516 P.2d at 1132 (emphasis added).

¶ 35 Thus, *Brown* and *Marriage of Zebedee* do not stand for the proposition that a remedial fine cannot be awarded to the party harmed by the contemnor's conduct. Rather, they merely recognize that, if a fine is imposed for the sole purpose of vindicating the court's dignity, then it must be paid to the court. And fines imposed for that purpose are punitive, not remedial. *See* C.R.C.P. 107(a)(4) (defining punitive sanctions for contempt to be "[p]unishment by unconditional fine ... for conduct that is found to be offensive to the authority and dignity of the court"); *People v. Razatos,* 699 P.2d 970, 974 (Colo.1985)("Civil contempt proceedings are remedial in nature and are not intended to punish the [contemnor] or to deter offenses against the public. In contrast, criminal contempt proceedings are designed to *preserve the power and vindicate the dignity of the court* by imposing punishment on the [contemnor]." (citation omitted; emphasis added)); *Marriage of Cyr,* 186 P.3d at 91 (citing C.R.C.P. 107(a)(4) for the propo-

sition that "[p]unitive sanctions are criminal in nature and are designed to punish" conduct that offends the dignity of the court).

¶ 36 Our supreme court's jurisprudence preceding and following the 1995 amendments to C.R.C.P. 107 makes clear that a court may, as here, award a remedial fine to the party injured by the contemnor's conduct. Therefore, the trial court was authorized to award the fine in this case to the decedent's children because the remedial sanction of the daily fine was entered to force Robinson to return the specified property to them. *See* C.R.C.P. 107(a)(5), (d)(2); *Schnier*, 696 P.2d at 268–69; *Marriage of Nussbeck*, 974 P.2d at 499.

### D. Conclusion

¶ 37 Here, the trial court had authority over the estate, Robinson, and the decedent's children. It had authority to impose a remedial fine as a sanction for Robinson's contempt that was not limited to the damages that the decedent's children may have suffered, and it had the authority to award that fine to the decedent's children.

¶ 38 Thus, the trial court's judgment is not void for lack of jurisdiction. We therefore conclude that Robinson's allegation of error provides no basis for relief under C.R.C.P. 60(b)(3). It follows that the trial court did not abuse its discretion by denying her C.R.C.P. 60(b)(3) motion for relief from judgment. *See SR Condominiums*, 176 P.3d at 868.

### III. Attorney Fees on Appeal

¶ 39 Although Robinson did not prevail on appeal, we do not deem her arguments as lacking substantial justification. *See* § 13–17–102, C.R.S.2012. We therefore deny the request of the decedent's children for attorney fees incurred on appeal.

¶ 40 The order is affirmed.

Judge J. JONES and Judge RICHMAN concur.